UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>BIG M'S, LLC and LOSERS, LLC,<br><br>    Defendants. | Case No. 3:16-cv-02636<br><br>Visiting Chief District Judge Denise P. Hood<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Denise Page Hood, Visiting Chief District Judge

**REPORT AND RECOMMENDATION**

By order entered April 20, 2017, the Court referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1) for disposition or recommendation on all pretrial matters. (Doc. No. 19, PageID# 42.)

This case has been pending on the Court's docket with no action taken by Plaintiff Jeffrey Anderson since his attorney filed a motion to withdraw on January 18, 2017. (Doc. No. 14.) In the January 26, 2017 order granting that motion, the Court gave Anderson thirty days to obtain new counsel or "inform the Court of his intention to proceed *pro se*." (Doc. No. 16.) Anderson never responded to that order. Nor did he respond to the Court's October 24, 2017 order to show cause why his lawsuit should not be dismissed for failure to comply with the January 26, 2017 order or for failure to prosecute. (Doc. No. 22.) Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01.

I.  **Factual and Procedural Background**

Anderson, who uses a wheelchair, filed this lawsuit on October 7, 2016, against Defendants Losers, LLC, and Big M's, LLC. (Doc. No. 1, PageID# 2–3.) Anderson alleges that the defendants have failed to "remove physical barriers to access" at the bar they operate for people with disabilities in violation of Title III of the Americans with Disabilities Act (ADA). (*Id.* at PageID# 2, ¶¶ 2, 3.) Among other things, Anderson claims that a wheelchair access ramp on the property lacks handrails, that accessible entrances "have a doorway threshold with a vertical rise in excess of ½ [inch,]" that "[d]ispensers and/or hand drying devices in the restrooms are located outside the prescribed vertical reach ranges," and that the "grab bars/handrails adjacent to the commode are missing." (*Id.* at PageID# 6–7.) Anderson seeks an injunction requiring the defendants to make the property accessible, as required by the ADA. (*Id.* at PageID# 8–9.)

On January 18, 2017, Anderson's counsel moved to withdraw. (Doc. No. 14, PageID# 34–35.) The Court ordered Anderson to file a notice by February 20, 2017, of whether he had retained new counsel. (Doc. No. 15.) The Court ordered Anderson's counsel "to serve Anderson personally with a copy of [its order]." (*Id.*) On January 26, 2017, the Court granted counsel's motion to withdraw and gave Anderson thirty days to retain new counsel or "inform the Court of his intention to proceed *pro se*." (Doc. No. 16.) The service copy of that order sent to Anderson was returned with the note "unclaimed[,] unable to forward." (Doc. No. 18.)

On October 24, 2017, the Court noted that Anderson "did not respond to the Court's January 26, 2017 order and [had] not filed anything in this matter since his counsel withdrew." (Doc. No. 22, PageID# 46.) The Court also pointed out that "Anderson has numerous lawsuits pending in this Court in which he has failed to respond to similar orders . . . ." (*Id.* at PageID# 45.) The Court therefore ordered Anderson to show cause by November 13, 2017, why his action

should not be dismissed for failure to comply with the Court's order and for failure to prosecute. (*Id.* at PageID# 46.) Anderson was warned that "failure to respond to [the] order may result in a recommendation that [his] action be dismissed with prejudice." (*Id.* at PageID# 47.) The show cause order was mailed to Anderson and again returned as "unclaimed[,] unable to forward." (Doc. No. 24.) Anderson never responded to the show cause order.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. at 626). Consistent with *Link*, this Court's Local Rule 41.01 requires sua sponte dismissal for failure to prosecute of "a civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein . . . but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01 (dismissal of inactive cases).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions.

3

*Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

**III. Analysis**

Dismissal of this action is appropriate under Rule 41(b) and Local Rule 41.01. Although there is no evidence that Anderson's failure to prosecute his lawsuit was motivated by bad faith, he is "at fault for failing to comply with the Court's Orders," which appears to have become his *modus operandi* in this Court. *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (M.D. Mich. Feb. 8, 2017). Although it is not clear that Anderson received the January 26, 2017 order or the show cause order, as both were returned "unclaimed" (Doc. Nos. 18, 24), Anderson's counsel was ordered to personally serve a copy of the Court's January 18, 2017 order on Anderson. Anderson was therefore on notice that he needed to inform the Court of how he intended to proceed after his counsel withdrew. (Doc. No. 15.) Regardless, Anderson's failure to file anything in this lawsuit since his attorney stopped representing him in January 2017 indicates, at best, a loss of interest in this litigation.

The less-drastic sanction of dismissal without prejudice is appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management"

4

with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). This Court's Local Rules strike the same balance, providing that dismissal of inactive cases "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. Rule 41.01. Dismissal without prejudice best addresses the interests of this litigation.

### IV. Recommendation

Given the lack of activity in this case since January 18, 2017, and Anderson's failure to respond to the Court's orders, the Magistrate Judge RECOMMENDS that this lawsuit be DISMISSED WITHOUT PREJUDICE under Federal Rule 41(b) and Local Rule 41.01.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 20th day of August, 2018.

.

ALISTAIR E. NEWBERN
United States Magistrate Judge